## JEFFERSON Co. *v.* SAVORY.

When a note is so written that it is impossible to tell whether it is dated Jan. or Jun, parole evidence may be admitted to determine the true date; and the fact should be referred to the jury for determination.

### *Error to Jefferson District Court.*

*Opinion by* WILLIAMS, C. J. The plaintiff's action is brought on a promissory note calling for $68,95, drawn by the defendants here, and Samuel Shuffleton, who died before the commencement of this suit. The declaration

of the plaintiff contains a special count on the note and therein alleges that the defendants with the said Shuffleton "on the ninth day of June, 1841, &c., made their promissory note in writing, &c." To this special count, the common counts in assumpsit are added, in the first of which an exact copy of the note is given. Issue having been joined by the parties, at the March term of the district court the cause was tried and judgment of nonsuit entered against the plaintiff.

The plaintiff in the court below complains here, that the judge of that court improperly refused to allow him to read in evidence, on the trial before the jury, a note signed by the defendants and said Shuffleton, to sustain his action. This is the only error assigned.

The question adjudicated by the court below and presented here by the bill of exceptions, arises from an allegation of variance between the instrument of writing set forth in the plaintiff's declaration, and the note offered in evidence to the jury to maintain the plaintiff's action.

The facts contained in the bill of exceptions, are in substance as follows: "The note offered as evidence to the jury on part of the plaintiff was objected to by the defendant, on the ground of variance. The date of the note declared on was June 9th, 1841, and the note offered as evidence, was identical with that described in the declaration in all material points, except the name of the month, and the judge in the language of the bill of exceptions. certifies that "the date of the note produced was so written that it would read equally well, either "*Jan.*" or "*Jun*" and from the face of the note, the court could not say which it was." The court then permitted the plaintiff to show by parole evidence, when the note was in fact made; and the plaintiff gave evidence that it was made in *January*. The plaintiff further proposed to prove that the word was *June*, and that it was written by Shuffleton in his usual manner of writing the word June, but the court refused to hear the evidence.

The plaintiff then insisted that the note should be allow-

ed to go to the jury for adjudication as to the question of
the date, which was refused by the court, until evidence
should be adduced to the court, proving that it was a June
note.    The note was rejected by the court, and the plain-
tiff nonsuited.

The bill of exceptions presents rather a peculiar state
of facts.    It is distinctly stated, that by inspection of the
note offered in evidence, it was not in the power of the
court to decide what the name of the month as written
was; whether it should read June or January.    For the
ascertainment of this matter, resort was had to parole ev-
idence, by the permission of the court.    Having done so,
and having heard some testimony on the subject, with a
view to establish in a satisfactory manner, to the mind of
the court, the true date of the note, we are at a loss to un-
derstand why the plaintiff was not suffered to proceed, as
offered by him, to give evidence of the date as written in
the note.    The same rule which would warrant the hear-
ing of a part of his evidence, would admit it all; and as
the proposition was to prove, that the word written in the
note was "*June,*" we think the establishment of that fact
in the mind of the court, would have been quite likely to
dispel the doubt existing there and might have settled the
question.

But we are of the opinion, that the court erred in refus-
ing to let the note go to the jury for the purpose of ascer-
taining the date.    By the bill of exceptions it appears
clearly that from the face of the note offered in evidence,
the court was unable to decide whether the word written
for the name of the month should be taken for June or
January, but might be taken for either with equal propri-
ety.    In such a case, the party objecting to the evidence,
and asking the interposition of the rule of law which re-
quires the proof offered to correspond with the allegations
in the declaration; and who claimed the benefit of the ob-
jection, should have made out the existence of that vari-
ance, to the satisfaction of the court from an examination
of the instrument itself.    Unless the variance was mani-

fest and satisfactorily apparent to the mind of the court, the note should have been suffered to go to the jury, there to pass through that ordeal instituted in our country for the adjustment of controverted facts upon the issues made up by the parties.

This we think is the safer and better rule in cases like this. Where the court cannot decide, the instrument should be allowed to go in evidence to the jury, submitting this question of fact with all such other facts as may arise in the cause, to their verdict, under the instruction of the court as to the law.

Judgment reversed.

*C. Negus*, for plaintiff in error.

*E. Down*, for defendant.